JOHN S. STRAHORN ET AL., EXECUTORS, *v.* ROSCOE CONKLING ROWE ET AL.

*Construction of Will—Advancement.*

A statement in a will, as a reason for excluding one of testator's daughters from any share in the residue of his estate, that he had advanced to her a sum named, was in effect a statement that he did not wish that sum to be repaid, and equity should not permit the enforcement of a mortgage given by the daughter to secure the payment of such sum.

*Decided June 10th, 1927.*

Appeal from the Circuit Court for Anne Arundel County, In Equity (Moss, J.).

Bill by Roscoe Conkling Rowe and Regina Catherine Rowe, his wife, against John S. Strahorn and others, Executors of Christian Dammeyer, deceased. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE and SLOAN, JJ.

*John S. Strahorn,* for the appellants.

*Nicholas H. Green,* for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Christian Dammeyer, of Annapolis, after making separate devises of certain houses and lots of ground in that city to his son, Christian F. W. Dammeyer, and his daughters, Regina C. Rowe, Amelia Roche, Amanda Neuman, and Hattie George, and stating that a daughter, Hilda Dammeyer, did not share in the division of the testator's real estate under the will because he had transferred to her certain real estate and bank stock, provided as follows: "I direct that all the rest and residue of my property of every kind shall be divided equally between my children, Christian F. W. Dammeyer, Amelia Roche, Amanda Neuman, Hattie George and Hilda Dammeyer; my daughter, Regina C. Rowe having received an advance of two thousand dollars from me, shall not share in this residue of my property."

The bill of complaint filed in this case by the daughter, Regina C. Rowe, and her husband, alleges that on April 26th, 1920, her father advanced to her the sum of two thousand dollars, for which she and her husband gave a mortgage on their home in Annapolis, and at that time her father had a will by which she was given an equal share in his residuary estate, but that he subsequently made the will from which we have quoted, having in the meantime made a gift to her of the two thousand dollars represented by the mortgage, which is the only sum ever advanced to her by the testator, and is the advancement to which the residuary clause of the will refers. It is the object of the bill to prevent the enforcement of a power of sale in the mortgage under an assignment, made by the executors of the will, for the purpose of foreclosure. The question raised by demurrer to the bill is whether, upon the facts which it alleges, a court of equity can permit the mortgage to be enforced. The court below answered that question in the negative, and we readily agree with its conclusion.

If, as the bill asserts, the sum mentioned in the mortgage was the amount to which the will refers as having been ad-

vanced by the testator to his daughter, Mrs. Rowe, then it is perfectly clear that he did not wish it to be repaid. The fact that it had been advanced to her is the reason assigned in the will for her exclusion from a share in the residuary estate. It is not a question as to the application of the rules relating to technical advancements or gifts *inter vivos,* with which we are here concerned. The decisive consideration is that the testator has plainly indicated an intention which may and should be gratified. It was competent for him to bequeath the mortgage to his daughter, and his testamentary declaration that he had advanced to her the sum which is said to be represented by the mortgage should be given an equivalent effect in the accomplishment of his manifest purpose. It would completely frustrate that purpose, and would be obviously unjust, to compel the daughter to swell the residuary estate by the payment of a sum of money intended by the testator to be retained by her in lieu of the equal share of the residue which she would otherwise have received. The value of the residuary estate does not appear from the record, but the testator evidently thought it sufficient to justify the provision in question as a means of consistently applying, in the division of his estate among his children, the rule of equality by which the entire will appears to be governed. The demurrer was properly overruled with leave to answer.

*Order affirmed, with costs.*